FILED

2023 Oct-13  PM 01:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA**

**WESTERN DIVISION**

|  |  |
|---|---|
| **MARKISHA CUNNINGHAM**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MERCEDES-BENZ U.S. INTERNATIONAL, INC. ("MBUSI");**<br>**NAOS ON-SITE STAFFING, LLC; AND ONIN STAFFING, LLC,**<br><br>**Defendants.** | \_\_Civ._____ \_\_\_\_<br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW Markisha Cunningham, by and through her attorney, AVENTUS LAW, LLC, alleges and states as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff, Markisha Cunningham, brings this action against Mercedes-Benz U.S. International, Inc., (hereinafter, "MBUSI"), Naos On-Site Staffing, LLC, (hereinafter, "NAOS"), and Onin Staffing, Inc., (hereinafter, "Onin"), (collectively, "Defendants") for various violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as amended (hereinafter, "Title VII"), and 42 U.S.C. § 1981 (hereinafter, "§ 1981"), whether done so individually and/or as joint employers.

2.      Defendants jointly hired Ms. Cunningham on June 21, 2019, as an Industrial Mechatronics Student. During Ms. Cunningham's tenure, she satisfactorily performed her duties and maintained and/or exceeded the GPA requirements of the Industrial Mechatronics Program at MBUSI. Despite Ms. Cunningham's many achievements, Defendants discriminated against her because of her race and sex, and retaliated against her. On or about March 18, 2022, after three years of service to MBUSI, Defendants summarily fired Ms. Cunningham.

**JURISDICTION**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331's federal question jurisdiction, because this is a civil action arising under Title VII and § 1981.

## VENUE

4. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in Alabama within the district within which this court sits, because the relevant employment records are maintained within this district, and MBUSI has its principal place of business within this district and no other district has sufficient contacts with this matter.

## CONDITIONS PRECEDENT

5. On June 28, 2022, Ms. Cunningham timely filed a charge of race and sex discrimination with the Equal Employment Opportunity Commission (EEOC). Exhibit 1.

6. On or about July 14, 2023, the EEOC issued Ms. Cunningham a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. Ms. Cunningham has fully complied with all prerequisites to jurisdiction in this Court under Title VII. Exhibit 2.

## PARTIES

7. Ms. Cunningham resides in Austin, Texas, but retains her citizenship in Alabama.

8. Ms. Cunningham is an employee, as defined by Title VII.

9. Ms. Cunningham is a Black Woman.

10. Upon information and belief, MBUSI is an Alabama corporation with corporate headquarters located in Vance, Alabama. MBUSI maintains offices and does business in Vance, Alabama.

11. At all times hereinafter mentioned, MBUSI was an "employer" within the meaning of 42 U.S.C. § 1981 and Title VII.

12. Upon information and belief, Defendant Onin is a limited liability company formed under the laws of Alabama and does business in Birmingham, Alabama. Upon information and belief, Onin has three members: David Satterfield is a citizen of Alabama; Keith Phillips is a citizen of Alabama; and Hugh R Thomas is a citizen of Alabama. Onin is an employer as defined by Title VII.

13. Upon information and belief, Defendant NAOS is a Foreign limited liability company formed under the laws of Georgia and does business in Tuscaloosa, Alabama. Upon information and belief, NAOS's one sole member: Joshua Vance is a citizen of Georgia. NAOS is an employer as defined by Title VII.

## FACTS

14. Ms. Cunningham was hired by NAOS, a staffing company, on or about June 21, 2019, as an Industrial Mechatronics Student in the Industrial Mechatronics Program (hereinafter, "IMP") at MBUSI. The Industrial Mechatronics Students essentially work as maintenance technicians within MBUSI.

15. Onin performed payroll duties including direct deposit and withholding federal and state taxes. Onin also reserved control of firing and other relevant discipline as recommended by MBUSI.

16. MBUSI reserved for itself the ability to recommend termination, perform performance reviews, direct IMP students' daily assignments and tasks, provided relevant tools, and accepted IMP students into its facility where all work was performed in Vance, Alabama.

17. IMP is a 28-month apprenticeship program that places NAOS and Onin employees within MBUSI's production department.

18. Employees hired into the IMP must complete an education component by attending Shelton Community College and must report to work at least one day per week in MBUSI's Production Department.

19. Ms. Cunningham satisfactorily performed the education program requirements as she consistently maintained a GPA of 3.0 or above, qualifying for MBUSI's 100% tuition scholarship.

20. Ms. Cunningham, among other IMP employees, was scheduled to work on Fridays; however, MBUSI reserved the right to schedule IMP employees on Saturdays.

21. On or about December 8, 2020, MBUSI assigned Ms. Cunningham to the paint shop within the production department.

22. Within the program, Ms. Cunningham was assigned an MBUSI mentor, Sean Winkleblack, a White male, and received daily assignments and instruction from MBUSI Team Leader Andrew Carlisle, a White male, subject to inspection by MBUSI supervisor, Randall Treadway, a White male and MBUSI Paint Maintenance Manager Allan Perry.

23. MBUSI supplied Ms. Cunningham with tools needed to diagnose malfunctioning machines and make relevant repairs.

24. IMP Supervisor Wade Smith, a White male, instructed Ms. Cunningham, among other students, to observe and shadow full-time MBUSI maintenance workers to avoid impeding production.

25. On one occasion, a full-time MBUSI employee Calvin, a Black man, told Ms. Cunningham that maintenance work is a job for men, or words to that effect.

26. Ms. Cunningham found that above particularly alarming because she was the only Black woman in her program.

3

27.    Ms. Cunningham continued to experience the sentiment of the statement above throughout her employment at MBUSI.

28.    MBUSI had a boys club culture. Similarly situated White male comparators Chris Brewer, Alexander Sharp, Nathan Fulgham, and Nick Armstrong were accepted by maintenance workers and were offered more assistance on the floor.

29.    For example, unlike similarly situated White male comparator Chris Brewer, Ms. Cunningham did not have access to communications devices used by maintenance workers or other Industrial Mechatronics Students in the paint department.

30.    Ms. Cunningham requested access to communications beginning as early as July 18, 2021, when she emailed Technical Support Specialists Misty Abbott. Ms. Cunningham made a subsequent communications access request on September 10, 2021, and again on September 18, 2021, and September 21, 2021. The communications matter was not resolved until after October 2021.

31.    On or about August 27, 2021, MBUSI Paint Maintenance Manager Allan Perry, a White male, along with MBUSI Team Leader Andrew Carlisle, a White male, completed a performance evaluation of Ms. Cunningham.

32.    During the performance review, MBUSI Paint Maintenance Manager, Allan Perry commented that Ms. Cunningham was not wholly visible, but had shown improvement when he observed her performance.

33.    Ms. Cunningham complained that denying her communications access impacted the visibility of her work. As proof of her commitment and work ethic, Ms. Cunningham later sent an extensive work log to her MBUSI Randall Treadway, complete with pictures to demonstrate to MBUSI that she took the initiative to find work in hers and other departments when she was not given communications access nor regularly provided assignments.

34.    On March 11, 2022, after an IMP morning meeting, Ms. Cunningham learned that Supervisor Randall Treadway recommended that MBUSI drop her from IMP and move her into a production role.

35.    MBUSI Wade Smith notified Ms. Cunningham that Supervisor Randall Treadway was not concerned about how high her GPA was at the time nor did Randall Treadway mention performance. The reason Randall Treadway provided was that he believed Ms. Cunningham "lacked motivation".

36.    During all relevant times, Ms. Cunningham exceeded the IMP's GPA requirement, earning a 100% tuition scholarship MBUSI created specifically for students in the IMP. Not all IMP students received this scholarship.

37.    White male comparators, Alexander Sharp and Nathan Fulgham were also dropped from the IMP, but they were dropped due to poor performance.

4

38.     However, White male comparators Dillon and Nick Armstrong, had similar performance and GPAs as Ms. Cunningham, but were allowed to continue in IMP.

39.     On March 11, 2022, MBUSI Wade Smith notified Ms. Cunningham that she would begin in a new department on March 18, 2022, and instructed her to return to her original area.

40.     Upon returning to her original area, Ms. Cunningham spoke with her mentor, Sean Winkleblack and MBUSI Team Leader Andrew Carlisle to ask questions about her performance and Supervisor Randall Treadway's "lacks motivation" comments that MBUSI so heavily relied upon in it's determination.

41.     Specifically, on March 11, 2022, Ms. Cunningham told MBUSI Team Leader Andrew Carlisle when asking for more information into why she was labeled, "lacks motivation", "I really hope y'alls daughters don't have to deal with this type of stuff. Because you know I'm a Black woman out here and y'all can't be doing stuff like that," or words to that effect.

42.     Immediately following Ms. Cunningham's meeting with MBUSI Team Leader Andrew Carlisle and Mentor Sean Winkleblack, she met with MBUSI Manager Allan Perry, MBUSI Team Leader Andrew Carlisle and Sean Winkleblack in the Production Meeting Room, wherein Ms. Cunningham further complained.

43.     Ms. Cunningham discussed MBUSI Team Leader Andrew Carlisle's comments, including but not limited to, you should find something else to besides maintenance," or words to that effect.

44.     Ms. Cunningham considered discriminatory comments that were made to her before, such as, "maintenance is a man's job," "you should find something other than maintenance to do," as a Black woman being called and labeled "unmotivated," or words to that effect and felt she was discriminated against, so she asked for representation in the meeting.

45.     In a subsequent meeting with MBUSI Wade Smith on March 11, 2022, Ms. Cunningham was allowed to take off the rest of the day.

46.     MBUSI Wade Smith instructed Ms. Cunningham to take a break for a few days while the matter is investigated. Ms. Cunningham asked when she could return to work and MBUSI told her at least after Monday, or words to the effect.

47.     MBUSI Wade Smith then provided Ms. Cunningham with clock-in instructions for when she would return to a new department.

48.     Ms. Cunningham reported back to MBUSI on March 18, 2022, at 6:00 a.m., as she was originally instructed for her first day in production.

49.     When Ms. Cunningham arrived, MBUSI Wade Smith notified her that she was no longer employed at MBUSI or in the Mechatronics Program.

5

50.     Only seven days after Ms. Cunningham complained of race and sex discrimination, Defendants summarily fired Ms. Cunningham on March 18, 2022, purportedly for inappropriate conduct.

51.     Onin followed MBUSI's recommendation to terminate Ms. Cunningham's employment.

52.     Ms. Cunningham's scholarship to Shelton State Community College was not renewed.

53.     Ms. Cunningham's similarly situated White male comparators Alexander Sharp and Nathan Fulgham maintained their employment with MBUSI, admittance in IMP and retained their scholarships.

## COUNT ONE

### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964

### (42 U.S.C. §§ 2000e et al.)

54.     Ms. Cunningham repeats and realleges paragraphs 1 through 52 hereof, as if fully set forth herein.

55.     Ms. Cunningham is an African American and qualified for her position when Defendants fired her.

56.     Defendants marginalized Ms. Cunningham while treating similarly situated employees more favorably.

57.     Specifically, Ms. Cunningham, a Black woman, was removed from IMP and later terminated upon recommendation from Supervisor Randall Treadway who reasoned that she was not motivated. Defendant's reasoning, affirmed and perpetuated by MBUSI Team Leader Andrew Carlisle, MBUSI mentor Sean Winkleblack and MBUSI Paint Maintenance Manager Allan Perry and later by Onin affirmed the age-old stereotype and racial trope that Black workers are lazy.

58.     Here, Ms. Cunningham greatly exceeded the IMP GPA requirements and earned and maintained a 100% tuition scholarship from MBUSI to participate in IMP, throughout her employment. Despite Ms. Cunningham's educational performance, where her GPA was higher than many of her similarly situated White comparators, Defendants believed Ms. Cunningham lacked motivation.

59.     Even though Ms. Cunningham outperformed her White counterparts, including but not limited to, Alexander Sharp, Nathan Fulgham and Dillon, Defendants removed her from IMP and terminated her.

60.     Supervisor Randall Treadway recommended Ms. Cunningham's removal from IMP even when she outperformed her similarly situated White comparators on the production floor and exceeded the IMP GPA requirements. Supervisor Randall Treadway wanted Ms.

Cunningham removed regardless of her high GPA. Ms. Cunningham was one of the few IMP students awarded a 100% tuition scholarship by MBUSI.

61.     Furthermore, Defendants terminated Ms. Cunningham's employment based on her Race, whether in whole on or in part, i.e., it was a motivating factor in Defendants' decision because even when Ms. Cunningham outperformed similarly situated male counterparts, Alexander Sharp and Nathan Fulgham, she was removed from IMP and terminated while Alexander Sharp and Nathan Fulgham maintained employment at MBUSI.

62.     Further, Defendants offer as pretext, that Ms. Cunningham abandoned her job when in fact on March 18, 2022, MBUSI Wade Smith notified Ms. Cunningham that Paint Management and Onin terminated her employment.

63.     Ms. Cunningham suffered damages as a result of Defendants' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, opportunities for advancement, and the costs of bringing this action.

64.     Defendants intentionally violated Ms. Cunningham's rights under Title VII, with malice or reckless indifference, and, as a result, are liable for punitive damages.

## COUNT TWO

### Race Discrimination in Violation of § 1981

### (42 U.S.C. § 1981)

65.     Ms. Cunningham repeats and realleges paragraphs 1 through 63 hereof, as if fully set forth herein.

66.     Furthermore, Defendants terminated Ms. Cunningham's employment based on her Race, whether in whole on or in part, i.e., it was a motivating factor in Defendants' decision because even when Ms. Cunningham outperformed similarly situated male counterparts, Alexander Sharp and Nathan Fulgham, she was removed from IMP and terminated while Alexander Sharp and Nathan Fulgham maintained employment at MBUSI.

67.     Defendants engaged illegal discrimination by interfering with Ms. Cunningham's employment when Defendants.

68.     Ms. Cunningham suffered damages as a result of Defendants' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, opportunities for advancement, and the costs of bringing this action.

## COUNT THREE

### Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964

### (42 U.S.C. §§ 2000e et al.)

69.     Ms. Cunningham repeats and realleges paragraphs 1 through 52 hereof, as if fully

set forth herein.

70.     Ms. Cunningham is a female and qualified for her position when Defendants fired her.

71.     Ms. Cunningham was subjected to discriminatory comments about her sex. For example, Ms. Cunningham was told that maintenance is a man's job, or words to that effect. MBUSI Team Leader Andrew Carlisle, continued to tell Ms. Cunningham to change career fields and that there are plenty of jobs that pay well that are not in maintenance.

72.     In addition, Defendants marginalized Ms. Cunningham while treating similarly situated employees more favorably.

73.     Specifically, Ms. Cunningham was denied access to communication devices and software which directly affected her visibility on the production floor. Ms. Cunningham did not have access to radio and other communication methods available to her male counterparts for months leading up to her performance evaluation. Similarly situated male comparator Chris Brewer's, among other male comparator's, communications access was not restricted, and he was not subsequently subjected to a negative performance evaluation.

74.     Supervisor Randall Treadway recommended Ms. Cunningham's removal from the IMP even when she outperformed her similarly situated male comparators on the production floor and exceeded the IMP GPA requirements. Supervisor Randall Treadway wanted Ms. Cunningham removed regardless of her high GPA. Ms. Cunningham was one of the few IMP students awarded a 100% tuition scholarship by MBUSI.

75.     Furthermore, Defendants terminated Ms. Cunningham's employment based on her Sex, whether in whole on or in part, i.e., it was a motivating factor in Defendants' decision because even when Ms. Cunningham outperformed similarly situated male counterparts, Alexander Sharp and Nathan Fulgham, she was removed from IMP and terminated while Alexander Sharp and Nathan Fulgham maintained employment at MBUSI.

76.     Ms. Cunningham suffered damages as a result of Defendants' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

77.     Defendants intentionally violated Ms. Cunningham's rights under Title VII, with malice or reckless indifference, and, as a result, are liable for punitive damages.

## COUNT FOUR

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964

### (42 U.S.C. §§ 2000e et al.)

78.     Ms. Cunningham repeats and realleges paragraphs 1 through 77 hereof, as if fully set forth herein.

79.    On March 11, 2022, Ms. Cunningham engaged in protected activity by complaining to MBUSI Team Leader Andrew Carlisle, MBUSI mentor Sean Winkleblack, MBUSI Paint Maintenance Manager Allan Perry, and MBUSI Wade Smith about Randall Treadway's discriminatory treatment and MBUSI's decision to remove her from IMP.

80.    Specifically, on March 11, 2022, Ms. Cunningham told MBUSI Team Leader Andrew Carlisle when asking for more information into why she was labeled, "lacks motivation", "I really hope y'alls daughters don't have to deal with this type of stuff. Because you know I'm a Black woman out here and y'all can't be doing stuff like that," or words to that effect.

81.    Immediately following Ms. Cunningham's meeting with MBUSI Team Leader Andrew Carlisle and Mentor Sean Winkleblack, she met with MBUSI Manager Allan Perry, MBUSI Team Leader Andrew Carlisle and Sean Winkleblack in the Production Meeting Room, wherein Ms. Cunningham further complained. Ms. Cunningham discussed MBUSI Team Leader Andrew Carlisle's comments, including but not limited to, you should find something else to besides maintenance," or words to that effect.

82.    Ms. Cunningham considered discriminatory comments that were made to her before, such as, "maintenance is a man's job," "you should find something other than maintenance to do," as a Black woman being called and labeled "unmotivated," or words to that effect and felt she was discriminated against, so she asked for representation in the meeting.

83.    In a subsequent meeting with MBUSI Wade Smith, Ms. Cunningham was allowed to take off the rest of the day. MBUSI Wade Smith instructed Ms. Cunningham to take a break for a few days while the matter is investigated. Ms. Cunningham asked when she could return to work and MBUSI told her at least after Monday, or words to the effect. MBUSI Wade Smith then provided Ms. Cunningham with clock-in instructions for when she would return to a new department.

84.    Only seven days after Ms. Cunningham complained of race and sex discrimination, Defendants summarily fired Ms. Cunningham on March 18, 2022, purportedly for inappropriate conduct.

85.    Defendants' stated reason for terminating Ms. Cunningham's employment is pretextual and baseless. Defendants fired Ms. Cunningham, whether in whole on or in part, i.e., it was a motivating factor in Defendants' decision because she complained of race and sex discrimination on March 11, 2022.

86.    Ms. Cunningham suffered damages as a result of Defendants' unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

87.    Defendants intentionally violated Cunningham's rights under Title VII, with malice or reckless indifference, and, as a result, are liable for punitive damages.

**COUNT 5**

## Retaliation in Violation of § 1981

### (42 U.S.C. § 1981)

88.     Ms. Cunningham repeats and realleges paragraphs 1 through 67 hereof, as if fully set forth herein.

89.     On March 11, 2022, Ms. Cunningham engaged in protected activity by complaining to MBUSI Team Leader Andrew Carlisle, MBUSI mentor Sean Winkleblack, MBUSI Paint Maintenance Manager Allan Perry, and MBUSI Wade Smith about Randall Treadway's discriminatory treatment and MBUSI's decision to remove her from IMP.

90.     Specifically, on March 11, 2022, Ms. Cunningham told MBUSI Team Leader Andrew Carlisle when asking for more information into why she was labeled, "lacks motivation", "because you know I'm a Black woman out here and y'all can't be doing stuff like that," or words to that effect.

91.     Immediately following Ms. Cunningham's meeting with MBUSI Team Leader Andrew Carlisle and Mentor Sean Winkleblack, she met with MBUSI Manager Allan Perry, MBUSI Team Leader Andrew Carlisle and Sean Winkleblack in the Production Meeting Room, wherein Ms. Cunningham further complained. Ms. Cunningham discussed MBUSI Team Leader Andrew Carlisle's comments, including but not limited to, you should find something else to besides maintenance," or words to that effect.

92.     Ms. Cunningham considered discriminatory comments that were made to her before, such as, "you should find something other than maintenance to do," as a Black woman being called and labeled "unmotivated," or words to that effect and felt she was discriminated against, so she asked for representation in the meeting.

93.     In a subsequent meeting with MBUSI Wade Smith, Ms. Cunningham was allowed to take off the rest of the day. MBUSI Wade Smith instructed Ms. Cunningham to take a break for a few days while the matter is investigated. Ms. Cunningham asked when she could return to work and MBUSI told her at least after Monday, or words to the effect. MBUSI Wade Smith then provided Ms. Cunningham with clock-in instructions for when she would return to a new department.

94.     Only seven days after Ms. Cunningham complained of race discrimination, Defendants summarily fired Ms. Cunningham on March 18, 2022, purportedly for inappropriate conduct.

95.     Defendants' stated reason for terminating Ms. Cunningham's employment is pretextual and baseless. Defendants fired Ms. Cunningham, whether in whole on or in part, i.e., it was a motivating factor in Defendants' decision because she complained of race discrimination on March 11, 2022.

96.     Defendants engaged illegal discrimination by interfering with Ms. Cunningham's employment when Defendants.

10

97.    Ms. Cunningham suffered damages as a result of Defendants' unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Award Plaintiff for her past and future loss of wages and benefits, plus interest;

B. Award Plaintiff front pay (including benefits);

C. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

D. Award to Plaintiff compensatory damages;

E. Award to Plaintiff punitive damages; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: 10/12/2023

Respectfully submitted,

AVENTUS LAW, PLLC

ID UBrM3ckxCgwLek9NiSHdkxDe

Willie E. Scott, Jr., Esquire (SCO060)

324 Commons Drive, Ste. 34

Birmingham, Alabama 35209

(205) 210-8533

willie@aventustoday.com

Attorney for PLAINTIFF

13