FILED

2024 May-06  AM 10:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| **Markisha Cunningham,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **7:23-cv-1379-LSC** |
| | ) | |
| **Mercedes-Benz U.S. International,** | ) | |
| **Inc. ("MBUSI"); NAOS On-Site** | ) | |
| **Staffing, LLC; and Onin Staffing,** | ) | |
| **LLC,** | ) | |
| | | |
| **Defendants.** | | |

## MEMORANDUM OF OPINION AND ORDER

Before the Court is Defendant Onin Staffing, LLC's (hereinafter "Onin")
Motion to Dismiss Counts One, Three, and Four of Plaintiff's Amended Complaint,
brought pursuant to Rule 12(b)(6). (Doc. 30.) This lawsuit stems out of Plaintiff
Markisha Cunningham's previous employment, and ultimate termination from,
Defendant Mercedes-Benz U.S. International, Inc. (hereinafter "MBUSI"). Plaintiff
was a participant in the Industrial Mechatronics Program (hereinafter "IMP"), which
"is a 28-month apprenticeship program that places NAOS and Onin employees
within MBUSI's production department." (Doc. 25 ¶ 17.) She was hired by
Defendant NAOS On-Site Staffing, LLC (hereinafter "NAOS") into the program
(*Id.* ¶ 14), but Defendant Onin "performed payroll duties" (*Id.* ¶ 15), "reserved

control of firing and relevant discipline as recommended by MBUSI" (*Id.*), and ultimately "followed MBUSI's recommendation to terminate [Plaintiff's] employment" (*Id.* ¶ 51). Plaintiff has brought this action against NAOS, MBUSI, and Onin, and she asserts five causes of action against all defendants for race/sex discrimination and retaliation arising under Title VII and § 1981. (Doc. 25.)

Onin argues that the Title VII claims brought against it in Counts One, Three, and Four are due to be dismissed because Plaintiff failed to exhaust her administrative remedies by not naming Onin in her EEOC Charge. (Doc. 30 at 2.) "Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action." *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994). But there is an exception to this general rule when subjecting the unnamed party to suit fulfills the purposes of Title VII. *See id.* at 1358–59. To determine whether the purposes of Title VII are fulfilled, courts look to a nonexclusive list of factors, including: "(1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings." *Id.* at 1359. Courts will also consider "whether an investigation of the

unnamed party 'could have reasonably grown out of [the EEOC] charge.'" *Lewis v. Asplundh Tree Expert Co.*, 402 F. App'x 454, 457 (11th Cir. 2010) (quoting *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 650 (11th Cir. 1983)).

Plaintiff argues that Onin was her "joint employer" with Defendants MBUSI and NAOS, and thus that Onin's status as a joint employer resolves the purpose factors in her favor. (Doc. 32 at 2–4.) Specifically, she seems to argue that because Onin was her joint employer, it had adequacy of notice, opportunity to participate in the EEOC proceedings, and was not prejudiced by exclusion from the proceedings. (*Id.*)[1] In response, Onin does not directly address whether it is a joint employer;[2] rather, Onin argues that none of the purpose factors weigh in Plaintiff's favor. (Doc. 33.)

The joint employer inquiry is important because, unlike the naming requirement in an EEOC charge, *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019), determining whether a defendant is an "employer" implicates this Court's subject matter jurisdiction. *See Llampallas v. Mini-Circuits, Inc.*, 163 F.3d 1236,

---

[1] Plaintiff also argues that she should be permitted discovery to determine the extent of the relationship between Onin and MBUSI. (Doc. 32 at 3.) While the *Virgo* factors are often decided after the parties have conducted discovery and at the summary judgment phase, *Long v. Surge Staffing, LLC*, No. 5:18-cv-00546-UJH-RDP, 2018 WL 3957010, at * 3 (N.D. Ala. Aug. 17, 2018), as further discussed below, the jurisdictional implications here require Plaintiff to first make a prima facie showing of jurisdiction for these counts against Onin to proceed, *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009).

[2] Though, in its Reply, Onin contends that "the extent of the relationship [between Onin and MBUSI] is that Onin provides temporary employees to work at MBUSI." (Doc. 33.)

1242 (11th Cir. 1998).[3] In *Llampallas*, a panel of the Eleventh Circuit evaluated whether a defendant was an "employer" for the purposes of Title VII under a "single employer" theory prior to reaching the merits of the case, explaining that it was bound to do so under *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930 (11th Cir. 1987). Though, the *Llampallas* panel questioned whether this approach was correct under *Bell v. Hood*, 327 U.S. 678 (1946), a prisoner litigation case where the Supreme Court explained the difference between jurisdictional challenges and challenges on the merits, and *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261–66 (11th Cir. 1997), a case where the Eleventh Circuit indicated that the term "employer" is virtually identical under Title VII and the ADEA and held that "the question of whether or not a defendant is an 'employer' is a substantive element of an ADEA claim and intertwined with the question of jurisdiction" and thus "the resolution of the question must be made by the fact finder," *Garcia*, 104 F.3d at 1264.

In *McKenzie*, a panel of the Eleventh Circuit explained that the plaintiff had the burden of proving that subject matter jurisdiction existed over her action by

---

[3] It is noteworthy that at least one district court in this Circuit has held that whether a defendant is an employer under Title VII is a "nonjurisdictional element of [the] substantive cause of action." *Kaiser v. Trofholz Techs., Inc.*, 935 F. Supp. 2d 1286, 1292 (M. D. Ala. 2013). In so holding, the court explained that its ruling was required by the Supreme Court's opinion in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), where the Supreme Court held that the requirement that an "employer" under Title VII have a certain number of employees is not a jurisdictional requirement but a substantive element of a Title VII claim.

showing that two entities were a single or joint employer. 834 F.2d at 932–33. However, while this inquiry involved the court's subject matter jurisdiction, the court determined that "[w]hile it would be premature on the basis of the record before this panel to conclude that [the entities] are, in essence, a single employer, the evidence clearly raises a genuine issue of material fact" and therefore "summary judgment was inappropriate." *Id.* at 933; *see also Virgo*, 30 F.3d at 1360 (explaining that the question of control in the joint employer analysis "is essentially a factual question").

While Onin did not specifically plead lack of subject matter jurisdiction, "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), attacks on subject matter jurisdiction may present as facial attacks or factual attacks. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Facial attacks "require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied,* 449 U.S. 953 (1980)). Thus, in a facial attack, "a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion." *Dunbar*, 919 F.2d at 1529. Factual attacks "challenge 'the

5

existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Dunbar*, 919 F.2d at 1529 (quoting *Menchaca*, 613 F.3d at 511). Therefore, in a factual attack, "the trial court may proceed as it never could under 12(b)(6)," as "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Dunbar*, 919 F.2d at 1529 (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981)).

But "where subject-matter jurisdiction is 'inextricably intertwined' with the merits of the case, 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action.'" *Whitson v. Staff Acquisition, Inc.*, 41 F. Supp. 2d 1294, 1297 (M.D. Ala. 1999) (first quoting *Dunbar*, 919 F.2d at 1529; then quoting *Williamson*, 645 F.2d at 415). In that case, "the court should convert the Rule 12(b)(1) motion to a Rule 12(b)(6) motion to provide the plaintiff with the appropriate protections." *Whitson*, 41 F. Supp. 2d at 1297 (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 733 (11th Cir. 1982)).

In this case, the Court perceives the Rule 12(b)(6) standard to be the proper one in the joint employer inquiry. To withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48

(11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*.

In determining whether the Court has subject matter jurisdiction over this action, the Court begins with the principle that the standard for determining that two entities acted as joint employers "is simply that one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer. Thus, the joint employer concept recognizes that the business entities involved are in fact separate but that they share or co-determine those matters governing the essential terms and conditions of employment." *Virgo*, 30 F.3d at 1360 (quoting *Nat'l Lab. Rels. Bd. v. Browning-Ferris Indus.*, 691 F.3d 1117, 1122 (3d Cir. 1982)) (finding that a hotel's ownership group and the group contracted to manage the hotel were joint employers because the ownership group retained significant authority to manage the hotel and actually exercised that authority). If an entity merely acts as a "paymaster" for another entity and does not

7

fulfill any of the other traditional roles of an employer, the two entities are not joint employers. *See Peppers v. Cobb County*, 835 F.3d 1289, 1301 (11th Cir. 2016). Rather, the joint employer inquiry focuses on retained and exercised control, particularly "over the adverse employment decision on which the Title VII suit is based." *Llampallas*, 163 F.3d at 1244–45; *see also Virgo*, 30 F.3d at 1360–61.

The Court has been unable to locate an Eleventh Circuit case squarely addressing the joint employer concept in the context of a staffing agency placing a plaintiff with another entity. *See McQueen v. Wells Fargo Home Mortg.*, 955 F. Supp. 2d 1256, 1272 (N.D. Ala. 2013) (noting the absence of Eleventh Circuit precedent on the issue). But Plaintiff has directed the Court to *Whitson v. Staff Acquisition, Inc.*, 41 F. Supp. 2d 1294 (M.D. Ala. 1999), which is analogous.

In *Whitson*, a plaintiff brought a Title VII claim against two staffing agency defendants and the apartment complex that she was hired to manage, but she neglected to name the staffing agency defendants in her EEOC charge and only named the apartment complex. The staffing agency defendants moved to dismiss for failure to exhaust administrative remedies, but the *Whitson* court explained that the adequacy of notice, opportunity, and lack of prejudice factors from the purpose test turned on whether the staffing agency defendants were joint employers. *See id.* at 1299. The court then reasoned that it "need not, at the commencement of the litigation, determine with finality the truth of the jurisdictional issues. . . . Where

jurisdiction and merits are intertwined, a party may establish jurisdiction 'at the outset of a case by means of a nonfrivolous assertion of jurisdictional elements.'" *Id.* at 1299 (quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 537 (1995)). Because the staffing defendants had provided her benefits and health forms and were named as employers during her unemployment hearing against the apartment complex, the court held that the plaintiff had alleged non-frivolous facts sufficient to support her joint employer contention, and the court denied the motion to dismiss. *See id.* at 1300. *But see McQueen*, 955 F. Supp. at 1273 (holding that a staffing agency was not liable as a joint employer because the staffing agency merely informed the plaintiff that she could not return to her assigned employer and had no input in the decision).

Plaintiff contends that Onin was her joint employer, along with MBUSI and NAOS, because she "received payments and benefits from Defendant Onin" and because she was terminated by Onin. (Doc. 32 at 4.) In her Amended Complaint, Plaintiff further alleges that Onin "reserved control of firing and other relevant discipline as recommended by MBUSI." (Doc. 25 ¶ 15.) Based on these alleged facts, the Court believes that Plaintiff has sufficiently alleged that Onin was Plaintiff's joint employer and thus that the Court has jurisdiction. However, Onin is permitted to reassert this argument in a future motion once "the parties have had the

opportunity to uncover facts sufficient to support or refute the [joint employer] contention." *Whitson*, 41 F. Supp. 2d at 1300.

Having established that Onin was Plaintiff's joint employer, the Court also finds that Plaintiff has pled sufficient factual allegations to show that the purposes of Title VII would be fulfilled by subjecting Onin to this lawsuit. Assuming that Onin and MBUSI were joint employers, Plaintiff has alleged that there is a "similarity of interest" between Onin and MBUSI. *See Virgo*, 30 F.3d at 1359. Further, their status as joint employers could plausibly impute adequacy of notice, opportunity to participate, and lack of prejudice from exclusion in the reconciliation process onto Onin. *See Whitson*, 41 F. Supp. 2d at 1299; *see also Caudill v. Larry McLemore, Inc.*, No. 5:20-cv-88, 2021 WL 4988040, at *2 (N.D. Fla. Mar. 22, 2021) (finding that whether a staffing agency should be dismissed due to Plaintiff's failure to name it in her EEOC charge required consideration of evidence that was improper for a motion to dismiss). And because Plaintiff did mention in her EEOC charge that she was placed at MBUSI by a staffing company, an investigation into Onin could reasonably be expected to grow out of her charge. (Doc. 1-1.) Therefore, at this stage of the proceedings, the Court will not dismiss Plaintiff's claims against Onin for failure to exhaust her administrative remedies.

Accordingly, Onin's Motion to Dismiss (Doc. 30.) is DENIED, though its arguments may be reasserted in a future motion.

**DONE** and **ORDERED** on May 6, 2024.

_____
L. Scott Coogler
United States District Judge

215755